# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| EDDIE JAMES EDMOND | : | DOCKET NO. 05-cv-2047 SECTION P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| SGT. M. LAMBERT, ET AL | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff Eddie Edmond's civil rights suit (42 U.S.C. § 1983) filed on November 18, 2005. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and is incarcerated at Allen Correctional Center (ACC), in Kinder, Louisiana. Plaintiff names the following as defendants herein: ACC Sgt. M. Lambert, ACC SGT. McNeil, ACC Lt. R. Young, ACC Captain Sonnier, ACC Nurse Kellie Mouton, GEO, Inc., LDOC Secretary Richard Stalder, and Secretary Stalder's Designee Linda Ramsey.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff makes two basic claims in this matter: (1) that defendants Lambert and McNeil failed to protect him from another inmate's physical attack,[1] and (2) that defendants Mouton, Lt. Young, and Captain Sonnier denied him timely medical care. More specifically, plaintiff states that on May 20, 2005, at approximately 5:00 p.m., inmate Gregory Hulbert began threatening him with

---

[1] In a separate memorandum order, the undersigned has ordered that plaintiff's failure to protect claim against defendants Lambert and McNeil be served on those defendants.

bodily harm. Plaintiff claims that defendant Lambert was present when this action was occurring, and that Lambert instructed defendant McNeil to open plaintiff's cell door so that inmate Hulbert could enter his cell. McNeil allegedly opened the door, and plaintiff exited his cell to keep inmate Hulbert from fighting with him. However, Hulbert entered plaintiff's cell, and plaintiff claims that defendant Lambert told him to go back in his cell with inmate Hulbert. Plaintiff states that he refused and that inmate Hulbert came out of the cell, and that a fight ensued during which defendant Lambert left the area. Following the fight, inmate Hulbert was sent to the infirmary but plaintiff was not, despite having told defendant Young that his hand was bleeding and might be broken. Plaintiff states that he also informed defendant Sonnier that he needed to make an emergency medical visit, but that Sonnier also denied his request. Thereafter, at approximately 8:30 p.m., defendants Mouton and Young went to plaintiff's cell in order to examine plaintiff's hand. Plaintiff alleges that defendant Mouton instructed him to fill out a routine sick call request because "even if it [his hand] was broken she [Mouton] could do nothing about it." [Doc. #1-1, p. 5]. Mouton then left plaintiff's cell, and returned about two hours later (10:30 p.m.) to check his hand. Plaintiff complains that he had to wait for 5 ½ hours (from the incident time at 5:00 p.m. to defendant Mouton's 10:30 p.m. return visit) before receiving any medical care for his hand. Plaintiff also complains that, at the time he filed this suit, he still had pain in his hand and that he had not yet seen a doctor.

Based on the above, plaintiff seeks the firing of all defendants from their employment based on "malfeasance, incompetence, unprofessionalism, lack of knowledge to administer proper care to the welfare of an individual . . . monetary judgment for pain and suffering, past pain and suffering, future pain and suffering, mental anguish, gross negligence, reckless endangerment, denial of

medical treatment, and insubordination." [2] [Doc. # 1-1, p. 4].

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous[3], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under §1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under §1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff

---

[2] It appears that plaintiff exhausted his administrative remedies in regard to this matter. Specifically, on or about September 27, 2005, plaintiff received a second step response denying ARP #2005-583. In its denial, the LDOC stated that the care received by plaintiff at the time of the incident was in accordance with Departmental Regulation, Health Care policy B-06-001, and that the professional staff of ACC responded in an appropriate manner. [Doc. #1-1, p. 34].

[3] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

3

must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A review of plaintiff's complaint convinces the court that plaintiff has pleaded the best case possible in support of his claims. Based upon the thoroughness of plaintiff's pleadings, the court is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief in regard to his medical care claims, and that such claims are frivolous as a matter of law and should be dismissed with prejudice.

**Medical Care Claims**

Plaintiff claims that he was denied adequate medical care. To state such a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To demonstrate "deliberate indifference," the prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). See *Wilson v. Seiter*, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (holding that a prisoner must show a culpable or punitive state of mind on the part of the prison official accused of violating the Eighth Amendment). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th

4

Cir.1997). Thus, not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle v. Gamble*, 429 U.S. at 105-07. Complaints of negligence, neglect, unsuccessful treatment, or even medical malpractice do not give rise to constitutional claims. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991); *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir.1993). See *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir.1982) (footnote omitted) ("Neither inadvertent failure to provide adequate medical care, nor carelessness, nor even deliberate failure to conform to the standards suggested by experts is cruel and unusual punishment.").

A prisoner's disagreement with his medical treatment also does not give rise to a claim under § 1983. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). "Rather, the [prisoner] must show that the official[s] 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dept. Of Criminal Justice*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

The information before the court does not support a finding of deliberate indifference. To the contrary, the complaint and exhibits establish that plaintiff was seen by medical personnel twice within the 5 ½ hours following the incident in question and that he was instructed to buddy tape his middle and ring fingers together every night until seen by a doctor and to use ice as needed. [Doc. #1-1, pp.10, 11 & 13]. Further, plaintiff states that on May 22, 2005, he made an emergency medical visit because his hand was swollen, and that on May 24, 2005, he was sent to the infirmary, although he did not see a doctor at that time. Plaintiff had x-rays of his hand taken on May 25, 2005, and made emergency medical visits on May 27 and May 31, 2005 due to problems with his hand.

As stated above, a prisoner's disagreement with his medical treatment does not give rise to

5

a claim under § 1983. *Norton,* 122 F.3d at 292. "Rather, the [prisoner] must show that the official[s] 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dept. Of Criminal Justice*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). The facts alleged by plaintiff clearly do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or engaged in any conduct that would clearly evince a wanton disregard for any serious medical needs. By plaintiff's own admission, he was seen at the infirmary several times in the days following the incident. This activity does not suggest that the defendants "intentionally treated [plaintiff] incorrectly." Nor does such activity "clearly evince a wanton disregard" for plaintiff's medical needs. In short, plaintiff's medical care claim is frivolous, and dismissal on that basis is recommended.

**Supervisor Liability**

Plaintiff names Louisiana Department of Public Safety and Corrections Secretary Richard Stalder, Secretary Stalder's Designee Linda Ramsey, and GEO, Inc., as defendants herein. However, plaintiff's complaint is devoid of factual allegations against these parties. Thus, plaintiff has failed to state a claim upon which relief may be granted. At best, plaintiff names these defendants in a supervisory capacity, and such claim is not cognizable as it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. See, *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under §1983, supervisory officials must be personally involved in the act causing the alleged constitutional

deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Here, Plaintiff fails to set forth a constitutional claim against these parties. There are no allegations that they were personally implicated in any alleged constitutional deprivation or that they implemented any policy which acts as a constitutional deprivation. Accordingly, plaintiff's claims against Richard Stalder, Linda Ramsey, and GEO, Inc., should be dismissed for failure to state a claim upon which relief may be granted, and these defendants should be dismissed with prejudice from this lawsuit. See *Sena v. Wackenhut Corporation,* 246 F.3d 682 (Table), 2001 WL 98563 (10th Cir. 2001).[4]

---

[4] It should also be noted that to the extent that plaintiff, through the attachments [Doc. #1-1 pp. 24, 25, & 31] to his complaint, attempts to bring a retaliation claim against defendant Mouton, such claim would fail. While any such potential claim is not alleged in plaintiff's complaint, for clarity of the record, the court will discuss same. In this regard, plaintiff states that as a result of his 5/20/05 grievance against Mouton, she falsely accused plaintiff of trying to bribe her with a promise of dropping his ARP if she would give him a particular duty status and move him to another housing unit. Mouton filed a disciplinary report regarding this alleged incident, and a hearing was held wherein plaintiff was found guilty and lost good time credit. Plaintiff attached to his complaint an appeal of the Disciplinary Board's finding [Doc. #1-1 p. 31] but did not attach a copy of the disposition of the appeal. As to any claim that may stem from the Disciplinary Board's find, the Supreme Court has held that a plaintiff in a 42 U.S.C. §1983 action may not recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). **The Supreme Court has extended *Heck* to prison disciplinary proceedings like the one in question here, concluding that claims for damages and declaratory relief that necessarily imply the invalidity of the punishment imposed in a disciplinary conviction are not cognizable in a 42 U.S.C. §1983 proceeding.** See *Edwards v. Balisok*, 520 U.S. 641, 646-48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(emphasis added).

Plaintiff's assertion that he was wrongly convicted of the prison disciplinary charge in question, if credited, would necessarily imply that his conviction and sentence for the disciplinary case was invalid. Because plaintiff has not shown that the disciplinary case has been overturned, he would not be able to maintain a 42 U.S.C. §1983 action against the defendants for damages. See *Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 486-87. In short, his claim would not be cognizable under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary action has been overturned, either on administrative appeal, through *habeas*, or by some other means. See, also, *Woods v. Smith*, 60 F.3d 1161, 1165 n. 16 (5th Cir.1995)(citing *Ordaz v. Martin*, 5 F.3d 529 (5th Cir.1993)(unpublished)). At this time, any such claim brought by plaintiff would lack an arguable basis in law and would be considered frivolous until the conditions of *Heck* and its progeny were met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint against Lt. R. Young, Captain Sonnier, Nurse Kellie Mouton, Richard Stalder, and Linda Ramsey be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that plaintiff's claims for civil rights violations against defendants Sgt. M. Lambert and SGT. McNeil remain pending at this time.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of April, 2006.**

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE